nature of the liability for purposes of proof and allowance. [Citation.]"

See also *Brown v. Hannagan* (1911), 210 Mass. 246, 96 N.E. 714; *Gibson v. Green's Adm'r* (1893), 89 Va. 524, 165 S.E. 661; *Gilchrist v. Cotton* (1925), 83 Ind. App. 415, 148 N.E. 435.

We judge, therefore, that the fact that the claim for attorney's fees has been merged into a decree does not render it dischargeable in bankruptcy.

For these reasons, the judgment of the circuit court is reversed.

Judgment reversed.

GOLDBERG and HALLETT, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOHNNY GRAYLE, Petitioner-Appellant.

(No. 59805; )

First District (1st Division)—November 18, 1974.

Opinion by Mr. JUSTICE GOLDBERG.

Paul Bradley and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAYTON MARSHALL, Defendant-Appellant.

(No. 60379;

First District (5th Division)—November 22, 1974.

PER CURIAM.